**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------
EDWARD MOORE,

                 Plaintiff,                                    **ORDER SETTING**
                                                           **SETTLEMENT CONFERENCE**

       v.                                               No.  1:05-CV-1060 (GLS/DRH)

ERIN DREYER, et al.,
-------------------------------------------------------------------
JAMES CORNICK and TERRY CORNICK,

             Plaintiffs,

       v.                                               No. 06-CV-138 (GLS/DRH)

THE CITY OF SARATOGA SPRINGS, et al.

             Defendants.

-------------------------------------------------------------------

These cases have been scheduled for a settlement conference.  All parties and their lead counsel are hereby **ORDERED TO APPEAR  BEFORE THE UNDERSIGNED at room 441, James T. Foley U.S. Courthouse, Albany, New York at 9:30 a.m. on November 16, 2007.**  An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement.  An uninsured corporate or a governmental entity shall appear by a representative authorized to discuss and make recommendations relating to settlement.

Settlement conferences are greatly facilitated when the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  **Accordingly, before arriving at the settlement conference, the parties are**

**to negotiate and make a good faith effort to settle the case without the involvement of the Court.  Specific proposals and counter proposals shall be made.**  If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.


The purpose of the settlement conference is to achieve a settlement of this case, if that is appropriate.  It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party.

At the settlement conference the parties, by counsel, shall give a brief (five minute) presentation outlining the factual and legal highlights of their case.  Separate, confidential caucuses will then be held with each party and the party's representative(s).  Attached is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the time allotted.

**The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference** by reducing the time for communication of offers and expanding the ability to explore options for settlement.

**IT IS SO ORDERED.**

Dated: October 16, 2007    _____
      Albany, New York

_David R. Homer_

United States Magistrate Judge

**TO**:    William J. Dreyer, Esq.
      Ronald G. Dunn, Esq.
      Tracy M. Larocque, Esq.
      Gregg T. Johnson, Esq.


***********


<b>SETTLEMENT CONFERENCE PREPARATION</b>

Settlement conferences can be held more efficiently if all parties and counsel are prepared.  The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

**A.    FORMAT**

    1.    Parties with ultimate settlement authority must be personally present.

    2.    The court will use a mediation format and private caucusing w i t h each side; the judge may address your client directly.

    3.    Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this  conference?  If so, or if you want to know more about these processes, please contact the court so a conference call to discuss options can be arranged.  Have you discussed these options with your client?


**B.    ISSUES**

    1.    What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue?  What is your most persuasive argument?

    2.    What remedies are available resulting from this litigation or otherwise?

    3.    Is there any ancillary litigation pending planned which affects case value?

    4.    Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

5.      Do attorneys fees or other expenses affect settlement?  Have you communicated this to the other side?

**C.      AUTHORITY**

1.      Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do we need to include a representative of the lien holder?  If so, contact the court immediately.

2.      Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do we need to include the representative from more than one company/carrier?   If so, notify the court immediately.

3.      What value do you want to start with?  Why?  Have you discussed this with your client?

4.      What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly difference from values you have placed on this case at other times?

5.      Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

6.      What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?

**E.      CLOSING**

1.      If settlement is reached, do you want it on the record?

2.      Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers of compromise?

3.      How soon could checks/closing documents be received?

4.      If settlement is not reached and further discovery is needed, what is your plan for continued settlement discussions?  Do you want court involvement in these talks?

5.    If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.